1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9              WESTERN DISTRICT OF WASHINGTON
                         AT TACOMA

10   KATHY MCCOURT,

11              Plaintiff,                CASE NO. 11-cv-05863 JRC

12         v.                             ORDER ON MOTION TO DISMISS
                                          AMENDED COMPLAINT
13   OCWEN LOAN SERVICING, LLC, a
     Delaware Limited Liability Corp.,
14
                Defendant.
15

16      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local

17   Magistrate Judge Rule MJR 13. (See also Joint Status Report, ECF No. 14; Order on Consent,

18   ECF No. 16.)

19      This matter comes before the court on Defendant's motion to dismiss pursuant to Fed. R.

20   Civ. P. 12(b)(6) and has been fully briefed. (See ECF Nos. 7, 10, 13, 15).  After considering and

21   reviewing the record, the undersigned finds that plaintiff has alleged sufficient facts under a

22   cognizable legal theory on some, but not all, of the causes of action asserted.  For those claims

23
24

1   that are factually deficient, defendant's motion is granted without prejudice so that plaintiff is
2   given another opportunity to file additional claims, if appropriate.

3                               PROCEDURAL BACKGROUND

4       After plaintiff filed her initial complaint in Clark County Superior Court, defendant filed
5   a notice of removal in this court (ECF No. 1). Instead of answering the complaint, defendant
6   filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 7). Thereafter, plaintiff
7   filed an amended complaint (ECF No. 8), and defendant filed a new motion to dismiss the first
8   amended complaint (ECF No. 10). Plaintiff responded (ECF No. 13), and defendant filed a reply
9   (ECF No. 15).

10                                FACTUAL ALLEGATIONS

11      Plaintiff's material allegations in the complaint are taken as admitted for purposes of
12  ruling on a Fed. R. Civ. P. 12(b)(6) motion. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
13  555 (2007) (citations omitted). Therefore, for purposes of this motion only, the Court provides
14  the following summary of facts based on plaintiff's first amended complaint (ECF No. 8).
15      Plaintiff obtained a loan on or about January 8, 2007 from Decision One Mortgage Co.,
16  LLC, which had retained Saxon Mortgage Services, Inc. to service the loan. The loan is
17  evidenced by a note and deed of trust, which secures plaintiff's primary residence. All payments
18  were timely (ECF No. 8, ¶ 3). Although plaintiff is unaware of the beneficial owner of the loan,
19  plaintiff alleges that defendant Ocwen Loan Servicing, LLC began servicing the loan in
20  November of 2009 (id. at ¶ 4). Immediately after taking over the servicing of the mortgage,
21  defendant declared plaintiff to be in default for failing to pay the monthly payment (id. at ¶ 6).
22  In December of 2009, plaintiff contacted defendant to make clear that she had never missed a
23  payment and was not in default (id. at ¶ 7). Ever since that time, defendant has engaged in a
24

ORDER ON MOTION TO DISMISS AMENDED
COMPLAINT - 2

repeated process of sending past due notices to plaintiff, charging interest on amounts that had been paid, issuing notices of default, and failing to correct its accounting records to reflect that plaintiff had made payment in a timely manner (see id. ¶¶ 8-13). Although plaintiff attempted to communicate with defendant on numerous occasions, both orally and in writing, defendant continued to state that her account was delinquent (id. at ¶¶ 11 – 17). At some point, defendant refused to accept payments from plaintiff (id. at ¶ 18). Also, defendant reported to credit reporting agencies that plaintiff was delinquent on her loan, which caused plaintiff damage to her credit rating as well as "great emotional distress, anxiety, loss of sleep and physical symptoms." (Id. at ¶ 19.)

Plaintiff acknowledges that she did not submit a written request for correction to credit reporting agencies under the Fair Credit Reporting Act ("FCRA") (id. at ¶ 19).

Plaintiff has raised five causes of action and defendant has moved to dismiss all five causes of action (ECF No. 8, ¶¶ 23 – 41). Those causes of action are:

1. Interference with a contractual relationship.
2. Violation of the Fair Debt Collection Practices Act ("FDCPA").
3. Violation of the Fair Credit Reporting Act ("FCRA").
4. Intentional and reckless infliction of severe emotional distress.
5. Violation of the Real Estate Settlement Practices Act ("RESPA").

Each of these causes of action will be discussed below.

## STANDARD OF REVIEW

Defendant may assert a Fed. R. Civ. P. 12(b)(6) motion prior to filing a responsive pleading. A Fed. R. Civ. P. 12(b)(6) motion requires that the complaint be dismissed if plaintiff has failed to state a claim on which relief can be granted.

1        A court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) when there is either a lack
2   of a cognizable legal theory or an absence of sufficient facts alleged under a cognizable legal
3   theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984) (citation
4   omitted).
5        For purposes of ruling on this motion, material allegations in the complaint are taken as
6   admitted and the complaint is construed in plaintiff's favor. See Sprewell v. Golden State
7   Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted). "While a complaint attacked by a
8   Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation
9   to provide the grounds of his entitlement to relief requires more than labels and conclusions, and
10  a formulaic recitation of the elements of a cause of action will not do." Twombly, supra, 550
11  U.S. at 55 (internal quotation marks and citations omitted). "Factual allegations must be enough
12  to raise a right to relief above the speculative level, on the assumption that all the allegations in
13  the complaint are true (even if doubtful in fact)." Id. (internal citations omitted). Plaintiffs must
14  allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. However, a
15  court need not accept as true unreasonable inferences or conclusory legal allegations cast in the
16  form of factual allegations. Sprewell, supra, 266 F.3d at 988 (citation omitted); W. Mining
17  Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981) (citations omitted).
18                                        DISCUSSION
19        A.  Interference with a contractual relationship.
20        To state a cause of action for interference with a contractual relationship, plaintiff must
21  plead the following elements: (1) the existence of a valid contractual relationship; (2) that
22  defendant had knowledge of that relationship; (3) that intentional inference inducing or causing a
23  breach or termination of the relationship; (4) that defendant interfered for an improper purpose or
24

1  used improper means; and (5) resultant damages.  See Comodore v. Univ. Mich. Contractors,
2  Inc., 120 Wn.2d 120, 137, 839 P.2d 314 (2006) (citation omitted).
3       Plaintiff has alleged sufficient facts for each of the elements of this cause of action.
4  Defendant contends that plaintiff has not alleged the existence of a contract or that defendant had
5  knowledge of said contract, but, as the Court has discussed already, plaintiff alleges that
6  defendant began servicing plaintiff's mortgage loan contract in November, 2009, see supra,
7  Factual Allegations section. (See also Amended Complaint, ECF No. 8, ¶¶ 3, 4.) Similarly,
8  defendant argues that plaintiff fails to allege a contract breach.  However, plaintiff alleges that
9  defendant erroneously declared plaintiff to be in default on her contract with the lender, added
10  fees to the amounts due pursuant to said contract, deducted money from an escrow account for
11  such fees and ceased accepting payments on the contract as required by the contract. (See
12  Amended Complaint, ECF No. 8, ¶¶ 6, 11, 15, 16, 18). In addition, in another section of the
13  Motion to Dismiss, defendant argues that plaintiff has admitted that defendant "claims that the
14  loan arrived in default" (see Defendant's Motion, ECF No. 10, p. 8). Finally, although defendant
15  argues that plaintiff has failed to allege "improper purpose or improper means," paragraph 23 of
16  plaintiff's first amended complaint specifically alleges that the motive behind defendant's
17  actions is to increase payments for late fees and for "suspense payments."  (Id., ¶ 23.)  In order
18  for plaintiff's claim to survive defendant's motion, plaintiff' is not required to prove these facts,
19  but merely to allege them with sufficient specificity as to state a cause of action.  Therefore,
20  defendant's motion in regard to cause of action number 1 is hereby DENIED.
21       B.  Violation of the Fair Debt Collection Practices Act ("FDCPA").
22       Defendant argues that a cause of action for violation of the FDCPA has not been alleged
23  properly because defendant is not a "debt collector," as that term is defined in 15 U.S.C.
24

ORDER ON MOTION TO DISMISS AMENDED
COMPLAINT - 5

1  §1692a(6), which defines a debt collector as someone who "regularly collects or attempts to

2  collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

3  Defendant provides a string citation to a number of cases, which defendant claims stand for the

4  proposition that defendant is not a debt collector.  (See ECF No. 10, Defendant's Motion to

5  Dismiss Plaintiff's First Amended Complaint, pp. 4-5.)  Those cases are not directly on point, as

6  will be discussed below.

7       Plaintiff asserts that defendant is a "debt collector" under 15 U.S.C. §1692a(6)(F)(iii).

8  This section states that a "debt collector" does not include any person collecting or attempting to

9  collect any debt "which was not in default at the time it was obtained by such person."  Plaintiff

10  argues that because defendant has claimed the loan was in default at the time it took over the

11  loan, this section applies even though plaintiff disputes the alleged default.  (ECF No. 13,

12  Plaintiff's Response to Defendant's Motion to Dismiss, pp. 7-8.)  Plaintiff cites no authority for

13  this proposition.

14       In reviewing defendant's cases, each of them is distinguishable.  In Barbanti v. Quality

15  Loan Service Corp., 2007 WL 26775 at 2-*3, 2007 U.S. Dist. LEXIS 676  at *6 (E.D. Wash.

16  2007), in an unpublished decision, the court ruled that this same defendant, Ocwen Loan

17  Servicing, LLC, was not a "debt collector" because it was attempting to enforce a security

18  interest, rather than collect a debt.  Here, plaintiff specifically alleges that defendant was

19  attempting to collect a debt, but disputes the debt was owed.  In Rivera v. BAC Home Loans

20  Servicing LP, 2010 WL 275704, 2010 U.S. Dist. LEXIS 80294 at *3, *8-*9 (N.D. Cal. 2010),

21  plaintiff was alleging a violation of California's Rosenthal Fair Debt Collectors Practice Act, Cal

22  Civ. Code §1788 et. seq.  There is no discussion of the federal act, 15 U.S.C. §1692a et. seq.  In

23  Holbrook v. Aurora Loan Services, LLC, 2010 WL 986794 at *5, 2010 U.S. Dist. LEXIS 25174

24

at *17 (C.D. Cal. 2010) the court had before it a complaint in which plaintiff had failed to allege that defendant was a "debt collector" within the meaning of the statute, and the facts indicated that defendant was foreclosing on property, rather than collecting a debt.  In Ines v. Countrywide Home Loans, Inc., 2008 WL 2795875 at *3, 2008 U.S. Dist. LEXIS 88739 at *7 (S.D. Cal. 2008), the court again was evaluating a case in which the defendant was foreclosing on property pursuant to a deed of trust, and therefore did not fit within the meaning of a debt collector under the FDCPA.  In Hulse v. Ocwen Federal Bank FSB, 195 F. Supp. 2d 1188, 1203 (D. Or. 2002), again the court was dealing with a case in which defendant was attempting to foreclose on property pursuant to a deed of trust, which the court specifically ruled was not collection of a debt within the meaning of FDCPA.  Defendant's cases are unpersuasive.  Here, plaintiff alleges that defendant was attempting to collect on a debt that was not owed.  The Act specifically includes "debt collector(s)" who "regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due from another."  Here, plaintiff states a FDCPA cause of action and defendant's motion to dismiss on this cause of action is DENIED.

   C. Violation of the Fair Credit Reporting Act ("FCRA").

  Defendant states that plaintiff has failed to allege that it notified the consumer reporting agency ("CRA") of the dispute and that defendant failed to report back to the CRA the result of the investigation (ECF No. 10, Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, p. 7).  Plaintiff acknowledges that it failed to report the dispute to the CRA, but claims she is excused from reporting the dispute because this would be futile.  (See ECF No. 8, First Amended Complaint, ¶ 31; ECF No. 13, Plaintiff's Response to Motion to Dismiss, pp. 8-9.)

ORDER ON MOTION TO DISMISS AMENDED
COMPLAINT - 7

1    Plaintiff cites no authority for the proposition that plaintiff may be excused from this

2 statutory provision and the Court is not inclined to imply a defense that is not included

3 specifically in the statute or otherwise applied by the courts to this statute.  Therefore,

4 defendant's motion to dismiss this cause of action will be GRANTED without prejudice.  In the

5 event that plaintiff can plead or prove that she provided the statutorily required notice and that

6 defendant failed to respond, then plaintiff may amend her complaint in the future or bring a

7 separate lawsuit.

8    D.  Intentional/reckless infliction of severe emotional distress or "outrage."

9    Defendant correctly points out the elements of a cause of action for intentional infliction

10 of severe emotional distress.  Plaintiff must allege: "(1) extreme and outrageous conduct; (2)

11 intentional or reckless infliction of emotional distress; and (3) actual result to plaintiff of severe

12 emotional distress."  Kloepfel v. Boker, 149 Wn.2d 192, 195-96, 66 P.3d 630 (2003) (citations

13 omitted).  This tort also is synonymous with the tort of "outrage."  Id.  This claim, according to

14 the Washington Supreme Court, must be predicated on behavior "so outrageous in character, and

15 so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as

16 atrocious and utterly intolerable in a civilized community."  Grimsby v. Samson, 85 Wn.2d 52,

17 59, 530 P.2d 291, 295 (1975) (*quoting* Restatement 2d of Torts § 46, comment d) (italics

18 omitted).  This cause of action is reserved for the most extreme of circumstances, such as forcing

19 a plaintiff to witness the pain and suffering of his spouse while she died (id. at 60), or threatening

20 to kill a victim if she continued to carry on a romantic relationship with anyone else, Kloepfel,

21 supra, 149 Wn.2d at 194-95.  The cause of action "'does not extend to mere insult, indignities,

22 threats, annoyances, petty oppressions, or other trivialities.'"  Grimsby, supra, 85 Wn.2d at 59,

23 530 P.2d at 259 (*quoting* Restatement 2d of Torts § 46, comment d).

24

1       The Washington State Supreme Court has set a high bar for what constitutes extreme and

2 outrageous conduct. For instance, a claim that county employees displayed photographs of

3 deceased relatives was not extreme and outrageous conduct. See Reed v. Pierce County, 136

4 Wn.2d 195, 203-04, 961 P.2d 333, 337 (1998). Nor is it sufficient to allege that parents suffered

5 from the tort of outrage when their children who had been left temporarily at home without a

6 babysitter were removed from the home by CPS workers. Spurrell v. Bloch, 40 Wn. App. 854,

7 858-59, 702 P.2d 529 (Wash. App. 1985).

8       The question of whether or not a defendant's conduct is sufficiently outrageous is

9 reserved for a jury only if the trial court initially determines that reasonable minds could differ

10 regarding whether the nature of the conduct could amount to the tort of outrage. Robel v.

11 Roundup Corp., 148 Wash. 2d 35, 51, 59 P.3d 611 (2002) (citation omitted). In one case decided

12 in the Western District of Washington, Doscher v. Swift Transp. Co., 2009 U.S. Dist. LEXIS

13 112184 at *5-*7 (W.D. Wash. 2009) (RJB) (unpublished opinion), the court denied a motion to

14 reconsider its granting of a motion to dismiss a claim involving a similar bureaucratic nightmare

15 as alleged by plaintiff here. The court held that even bad business decisions that may have had

16 disastrous effects on the plaintiff did not rise to a level of unacceptable behavior equal to

17 "outrageous" conduct, as the court has defined that cause of action. Id. at 6.

18       Here, plaintiff has alleged that she made a number of telephone calls and wrote letters

19 and that defendant failed to respond to her numerous inquiries and that as a result, she suffered

20 "severe emotional distress." (ECF No. 8 at ¶¶ 9-10, 19, 34-38.) This is insufficient, without

21 more, to support a claim of outrage. Therefore, the Court GRANTS defendant's motion to

22 dismiss without prejudice. In the event plaintiff can allege sufficient facts to meet the very high

23 legal standard, then the Court will consider allowing amendment of the complaint.

24

ORDER ON MOTION TO DISMISS AMENDED
COMPLAINT - 9

1        E.  Violation of the Real Estate Settlement Practices Act ("RESPA").

2        Defendant asserts that plaintiff has failed to state a claim under the Real Estate Settlement Practices Act, 12 U.S.C. § 2605 ("RESPA").  Defendant claims that plaintiff failed to allege that she sent a Qualified Written Request ("QWR") that included specific reasons that the account was in error (ECF No. 10, p. 8) and that her first amended complaint was inconsistent with the plaintiff's original complaint (id. at 9).  Defendant also complains that plaintiff has not pled specific dates as to when the QWR allegedly was sent to defendant.

      Plaintiff is not required to prove her case in order to defeat a motion to dismiss and a motion to dismiss should not be used as a discovery device.  Plaintiff has alleged that she sent several QWRs to defendant and that defendant failed to respond (ECF No. 8, First Amended Complaint, ¶40).  These allegations are sufficient and, no doubt, will be the subject of additional discovery.  Defendant's motion to dismiss this cause of action is DENIED.

## CONCLUSION

      In summary, defendant's motion to dismiss is GRANTED without prejudice as to plaintiff's third cause of action for alleged violation of the Fair Credit Reporting Act and plaintiff's fourth cause of action for intentional infliction of emotional distress.  In all other respects, defendant's motion to dismiss is DENIED.

      Dated this 29th day of February, 2012.

*[signature]*

J. Richard Creatura
United States Magistrate Judge