UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KATHY MCCOURT,

    Plaintiff,

 v.

OCWEN LOAN SERVICING, LLC, a Delaware Limited Liability Corp.,

    Defendant.

CASE NO. 11-cv-05863 JRC

ORDER ON MOTION TO DISMISS AMENDED COMPLAINT

  This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. (See also Joint Status Report, ECF No. 14; Order on Consent, ECF No. 16.)

  This matter comes before the court on Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and has been fully briefed. (See ECF Nos. 7, 10, 13, 15). After considering and reviewing the record, the undersigned finds that plaintiff has alleged sufficient facts under a cognizable legal theory on some, but not all, of the causes of action asserted. For those claims

that are factually deficient, defendant's motion is granted without prejudice so that plaintiff is given another opportunity to file additional claims, if appropriate.

## PROCEDURAL BACKGROUND

After plaintiff filed her initial complaint in Clark County Superior Court, defendant filed a notice of removal in this court (ECF No. 1). Instead of answering the complaint, defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 7). Thereafter, plaintiff filed an amended complaint (ECF No. 8), and defendant filed a new motion to dismiss the first amended complaint (ECF No. 10). Plaintiff responded (ECF No. 13), and defendant filed a reply (ECF No. 15).

## FACTUAL ALLEGATIONS

Plaintiff's material allegations in the complaint are taken as admitted for purposes of ruling on a Fed. R. Civ. P. 12(b)(6) motion. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). Therefore, for purposes of this motion only, the Court provides the following summary of facts based on plaintiff's first amended complaint (ECF No. 8).

Plaintiff obtained a loan on or about January 8, 2007 from Decision One Mortgage Co., LLC, which had retained Saxon Mortgage Services, Inc. to service the loan. The loan is evidenced by a note and deed of trust, which secures plaintiff's primary residence. All payments were timely (ECF No. 8, ¶ 3). Although plaintiff is unaware of the beneficial owner of the loan, plaintiff alleges that defendant Ocwen Loan Servicing, LLC began servicing the loan in November of 2009 (id. at ¶ 4). Immediately after taking over the servicing of the mortgage, defendant declared plaintiff to be in default for failing to pay the monthly payment (id. at ¶ 6). In December of 2009, plaintiff contacted defendant to make clear that she had never missed a payment and was not in default (id. at ¶ 7). Ever since that time, defendant has engaged in a

repeated process of sending past due notices to plaintiff, charging interest on amounts that had been paid, issuing notices of default, and failing to correct its accounting records to reflect that plaintiff had made payment in a timely manner (see id. ¶¶ 8-13).  Although plaintiff attempted to communicate with defendant on numerous occasions, both orally and in writing, defendant continued to state that her account was delinquent (id. at ¶¶ 11 – 17).  At some point, defendant refused to accept payments from plaintiff (id. at ¶ 18).  Also, defendant reported to credit reporting agencies that plaintiff was delinquent on her loan, which caused plaintiff damage to her credit rating as well as "great emotional distress, anxiety, loss of sleep and physical symptoms." (Id. at ¶ 19.)

Plaintiff acknowledges that she did not submit a written request for correction to credit reporting agencies under the Fair Credit Reporting Act ("FCRA") (id. at ¶ 19).

Plaintiff has raised five causes of action and defendant has moved to dismiss all five causes of action (ECF No. 8, ¶¶ 23 – 41).  Those causes of action are:

1. Interference with a contractual relationship.
2. Violation of the Fair Debt Collection Practices Act ("FDCPA").
3. Violation of the Fair Credit Reporting Act ("FCRA").
4. Intentional and reckless infliction of severe emotional distress.
5. Violation of the Real Estate Settlement Practices Act ("RESPA").

Each of these causes of action will be discussed below.

## STANDARD OF REVIEW

Defendant may assert a Fed. R. Civ. P. 12(b)(6) motion prior to filing a responsive pleading.  A Fed. R. Civ. P. 12(b)(6) motion requires that the complaint be dismissed if plaintiff has failed to state a claim on which relief can be granted.

A court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) when there is either a lack of a cognizable legal theory or an absence of sufficient facts alleged under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted).

For purposes of ruling on this motion, material allegations in the complaint are taken as admitted and the complaint is construed in plaintiff's favor. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, supra, 550 U.S. at 55 (internal quotation marks and citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (internal citations omitted). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, supra, 266 F.3d at 988 (citation omitted); W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981) (citations omitted).

DISCUSSION

A. Interference with a contractual relationship.

To state a cause of action for interference with a contractual relationship, plaintiff must plead the following elements: (1) the existence of a valid contractual relationship; (2) that defendant had knowledge of that relationship; (3) that intentional inference inducing or causing a breach or termination of the relationship; (4) that defendant interfered for an improper purpose or

used improper means; and (5) resultant damages.  See Comodore v. Univ. Mich. Contractors, Inc., 120 Wn.2d 120, 137, 839 P.2d 314 (2006) (citation omitted).

Plaintiff has alleged sufficient facts for each of the elements of this cause of action. Defendant contends that plaintiff has not alleged the existence of a contract or that defendant had knowledge of said contract, but, as the Court has discussed already, plaintiff alleges that defendant began servicing plaintiff's mortgage loan contract in November, 2009, see supra, Factual Allegations section. (See also Amended Complaint, ECF No. 8, ¶¶ 3, 4.) Similarly, defendant argues that plaintiff fails to allege a contract breach.  However, plaintiff alleges that defendant erroneously declared plaintiff to be in default on her contract with the lender, added fees to the amounts due pursuant to said contract, deducted money from an escrow account for such fees and ceased accepting payments on the contract as required by the contract. (See Amended Complaint, ECF No. 8, ¶¶ 6, 11, 15, 16, 18). In addition, in another section of the Motion to Dismiss, defendant argues that plaintiff has admitted that defendant "claims that the loan arrived in default" (see Defendant's Motion, ECF No. 10, p. 8). Finally, although defendant argues that plaintiff has failed to allege "improper purpose or improper means," paragraph 23 of plaintiff's first amended complaint specifically alleges that the motive behind defendant's actions is to increase payments for late fees and for "suspense payments."  (Id., ¶ 23.)  In order for plaintiff's claim to survive defendant's motion, plaintiff' is not required to prove these facts, but merely to allege them with sufficient specificity as to state a cause of action.  Therefore, defendant's motion in regard to cause of action number 1 is hereby DENIED.

B. Violation of the Fair Debt Collection Practices Act ("FDCPA").

Defendant argues that a cause of action for violation of the FDCPA has not been alleged properly because defendant is not a "debt collector," as that term is defined in 15 U.S.C.

1  §1692a(6), which defines a debt collector as someone who "regularly collects or attempts to
2  collect, directly or indirectly, debts owed or due or asserted to be owed or due another."
3  Defendant provides a string citation to a number of cases, which defendant claims stand for the
4  proposition that defendant is not a debt collector. (See ECF No. 10, Defendant's Motion to
5  Dismiss Plaintiff's First Amended Complaint, pp. 4-5.) Those cases are not directly on point, as
6  will be discussed below.

7  Plaintiff asserts that defendant is a "debt collector" under 15 U.S.C. §1692a(6)(F)(iii).
8  This section states that a "debt collector" does not include any person collecting or attempting to
9  collect any debt "which was not in default at the time it was obtained by such person." Plaintiff
10 argues that because defendant has claimed the loan was in default at the time it took over the
11 loan, this section applies even though plaintiff disputes the alleged default. (ECF No. 13,
12 Plaintiff's Response to Defendant's Motion to Dismiss, pp. 7-8.) Plaintiff cites no authority for
13 this proposition.

14 In reviewing defendant's cases, each of them is distinguishable. In <u>Barbanti v. Quality
15 Loan Service Corp.</u>, 2007 WL 26775 at 2-*3, 2007 U.S. Dist. LEXIS 676 at *6 (E.D. Wash.
16 2007), in an unpublished decision, the court ruled that this same defendant, Ocwen Loan
17 Servicing, LLC, was not a "debt collector" because it was attempting to enforce a security
18 interest, rather than collect a debt. Here, plaintiff specifically alleges that defendant was
19 attempting to collect a debt, but disputes the debt was owed. In <u>Rivera v. BAC Home Loans
20 Servicing LP</u>, 2010 WL 275704, 2010 U.S. Dist. LEXIS 80294 at *3, *8-*9 (N.D. Cal. 2010),
21 plaintiff was alleging a violation of California's Rosenthal Fair Debt Collectors Practice Act, Cal
22 Civ. Code §1788 *et. seq.* There is no discussion of the federal act, 15 U.S.C. §1692a *et. seq.* In
23 <u>Holbrook v. Aurora Loan Services, LLC</u>, 2010 WL 986794 at *5, 2010 U.S. Dist. LEXIS 25174
24

at *17 (C.D. Cal. 2010) the court had before it a complaint in which plaintiff had failed to allege that defendant was a "debt collector" within the meaning of the statute, and the facts indicated that defendant was foreclosing on property, rather than collecting a debt.  In Ines v. Countrywide Home Loans, Inc., 2008 WL 2795875 at *3, 2008 U.S. Dist. LEXIS 88739 at *7 (S.D. Cal. 2008), the court again was evaluating a case in which the defendant was foreclosing on property pursuant to a deed of trust, and therefore did not fit within the meaning of a debt collector under the FDCPA.  In Hulse v. Ocwen Federal Bank FSB, 195 F. Supp. 2d 1188, 1203 (D. Or. 2002), again the court was dealing with a case in which defendant was attempting to foreclose on property pursuant to a deed of trust, which the court specifically ruled was not collection of a debt within the meaning of FDCPA.  Defendant's cases are unpersuasive.  Here, plaintiff alleges that defendant was attempting to collect on a debt that was not owed.  The Act specifically includes "debt collector(s)" who "regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due from another."  Here, plaintiff states a FDCPA cause of action and defendant's motion to dismiss on this cause of action is DENIED.

      C.  Violation of the Fair Credit Reporting Act ("FCRA").

Defendant states that plaintiff has failed to allege that it notified the consumer reporting agency ("CRA") of the dispute and that defendant failed to report back to the CRA the result of the investigation (ECF No. 10, Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, p. 7).  Plaintiff acknowledges that it failed to report the dispute to the CRA, but claims she is excused from reporting the dispute because this would be futile.  (See ECF No. 8, First Amended Complaint, ¶ 31; ECF No. 13, Plaintiff's Response to Motion to Dismiss, pp. 8-9.)

Plaintiff cites no authority for the proposition that plaintiff may be excused from this statutory provision and the Court is not inclined to imply a defense that is not included specifically in the statute or otherwise applied by the courts to this statute. Therefore, defendant's motion to dismiss this cause of action will be GRANTED without prejudice. In the event that plaintiff can plead or prove that she provided the statutorily required notice and that defendant failed to respond, then plaintiff may amend her complaint in the future or bring a separate lawsuit.

D. Intentional/reckless infliction of severe emotional distress or "outrage."

Defendant correctly points out the elements of a cause of action for intentional infliction of severe emotional distress. Plaintiff must allege: "(1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3) actual result to plaintiff of severe emotional distress." Kloepfel v. Boker, 149 Wn.2d 192, 195-96, 66 P.3d 630 (2003) (citations omitted). This tort also is synonymous with the tort of "outrage." Id. This claim, according to the Washington Supreme Court, must be predicated on behavior "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." Grimsby v. Samson, 85 Wn.2d 52, 59, 530 P.2d 291, 295 (1975) (*quoting* Restatement 2d of Torts § 46, comment d) (italics omitted). This cause of action is reserved for the most extreme of circumstances, such as forcing a plaintiff to witness the pain and suffering of his spouse while she died (id. at 60), or threatening to kill a victim if she continued to carry on a romantic relationship with anyone else, Kloepfel, supra, 149 Wn.2d at 194-95. The cause of action "'does not extend to mere insult, indignities, threats, annoyances, petty oppressions, or other trivialities.'" Grimsby, supra, 85 Wn.2d at 59, 530 P.2d at 259 (*quoting* Restatement 2d of Torts § 46, comment d).

The Washington State Supreme Court has set a high bar for what constitutes extreme and outrageous conduct.  For instance, a claim that county employees displayed photographs of deceased relatives was not extreme and outrageous conduct.  See Reed v. Pierce County, 136 Wn.2d 195, 203-04, 961 P.2d 333, 337 (1998).  Nor is it sufficient to allege that parents suffered from the tort of outrage when their children who had been left temporarily at home without a babysitter were removed from the home by CPS workers.  Spurrell v. Bloch, 40 Wn. App. 854, 858-59, 702 P.2d 529 (Wash. App. 1985).

The question of whether or not a defendant's conduct is sufficiently outrageous is reserved for a jury only if the trial court initially determines that reasonable minds could differ regarding whether the nature of the conduct could amount to the tort of outrage.  Robel v. Roundup Corp., 148 Wash. 2d 35, 51, 59 P.3d 611 (2002) (citation omitted).  In one case decided in the Western District of Washington, Doscher v. Swift Transp. Co., 2009 U.S. Dist. LEXIS 112184 at *5-*7 (W.D. Wash. 2009) (RJB) (unpublished opinion), the court denied a motion to reconsider its granting of a motion to dismiss a claim involving a similar bureaucratic nightmare as alleged by plaintiff here.  The court held that even bad business decisions that may have had disastrous effects on the plaintiff did not rise to a level of unacceptable behavior equal to "outrageous" conduct, as the court has defined that cause of action.  Id. at 6.

Here, plaintiff has alleged that she made a number of telephone calls and wrote letters and that defendant failed to respond to her numerous inquiries and that as a result, she suffered "severe emotional distress."  (ECF No. 8 at ¶¶ 9-10, 19, 34-38.)  This is insufficient, without more, to support a claim of outrage.  Therefore, the Court GRANTS defendant's motion to dismiss without prejudice.  In the event plaintiff can allege sufficient facts to meet the very high legal standard, then the Court will consider allowing amendment of the complaint.

E. Violation of the Real Estate Settlement Practices Act ("RESPA").

Defendant asserts that plaintiff has failed to state a claim under the Real Estate Settlement Practices Act, 12 U.S.C. § 2605 ("RESPA"). Defendant claims that plaintiff failed to allege that she sent a Qualified Written Request ("QWR") that included specific reasons that the account was in error (ECF No. 10, p. 8) and that her first amended complaint was inconsistent with the plaintiff's original complaint (id. at 9). Defendant also complains that plaintiff has not pled specific dates as to when the QWR allegedly was sent to defendant.

Plaintiff is not required to prove her case in order to defeat a motion to dismiss and a motion to dismiss should not be used as a discovery device. Plaintiff has alleged that she sent several QWRs to defendant and that defendant failed to respond (ECF No. 8, First Amended Complaint, ¶40). These allegations are sufficient and, no doubt, will be the subject of additional discovery. Defendant's motion to dismiss this cause of action is DENIED.

CONCLUSION

In summary, defendant's motion to dismiss is GRANTED without prejudice as to plaintiff's third cause of action for alleged violation of the Fair Credit Reporting Act and plaintiff's fourth cause of action for intentional infliction of emotional distress. In all other respects, defendant's motion to dismiss is DENIED.

Dated this 29th day of February, 2012.

J. Richard Creatura
United States Magistrate Judge